## STACKPOLE *v.* SCHOOL DISTRICT No. 5.

### SCHOOL DISTRICTS—CLAIM AND ACTION AGAINST.

Claims against a school district should be presented to the board of school directors before the commencement of an action thereon, and the omission of such allegation in the complaint renders the same demurrable.

Such requirement imposes no hardship on the claimant, and affords the school district an opportunity to pay without suit.

APPEAL from Union.    The facts are stated in the opinion.

*J. A. Stratton*, for appellant.

*Bonham & Ramsey*, for respondent.

By the Court, LORD, C. J.:

This is an action for a breach of contract to render services as a teacher, and the claim is for damages. The objection is that the complaint does not state facts sufficient to constitute a cause of action in this, that it is not averred that the plaintiff ever presented his claim to the school directors before bringing his action. Under our statute the directors, in making a contract with a teacher, act officially and on behalf of the district, and their powers as such officers are limited by statute; and they can only exercise such as are expressly conferred, or are implied from the nature of the duties imposed by the law. (Sec. 37, sub. 5 and sec. 40, Gen. Laws, 510.)

Conceding, then, the validity of the contract, and the breach thereof, will an action lie against a school district without alleging in the complaint a due presentation of the claim? Sub. 6 of sec. 37, Gen. Laws, among other things, provides that the duties of directors of school districts shall be " To audit all claims against the school district, and to draw orders on the clerk for the same;" and under the subdivision of sec. 40, the clerk is made the treasurer or custodian of the funds of the school district, and required to keep a correct account " of all moneys coming into his hands, and all paid out belonging to the school district," etc. It will thus be seen by the mode provided by statute that there can be no payment of any claim by the clerk out of any funds in his possession except upon an order from the board of school directors. The board of directors can not pay claims, as their duty in the premises is first " to audit," and then draw an order on the clerk for the amount of the claim. But before the board of directors can audit a claim and draw their order on the clerk for the amount, the claim must have been presented to them. They are not supposed to know the nature and

exact amount of every claim against the school district, and even if they did, this does not relieve them of the duty which the law imposes upon them to audit the claim before drawing an order on the clerk for the amount of the same; and how can they perform this duty unless the claimant first presents his claim to them? We are not to presume that these provisions of the law were not intended to serve some worthy purpose, and to be observed; but if every claimant against the district may sue on his claim without regard to them, it is possible to render them absolutely nugatory. It certainly imposes no hardship on the claimant to require him to present his claim to the board of directors to be audited before suing thereon, and to afford the school district an opportunity to pay without suit. If he is dissatisfied with the determination of the board of directors, after they have proceeded to act upon his claim, and have disallowed it wholly or in part, he may then commence his action against the school district; but until he has presented his claim to the board to be audited, and they have failed or refused, after consideration thereof, to allow the same, or some part of it, he should not be permitted to maintain an action against the school district.    (*Forbes* v. *School District*, 10 Wis., 118.)

We think the policy of the law in not allowing every claimant against a school district to annoy and harrass it with a law suit, before submitting his claim to the board, is a wise and salutary one, and calculated to avoid much unnecessary litigation and expense to the school district.

This complaint contains no averment that the claim in question was ever presented to the board before the commencement of this action, and it follows from the foregoing views that the judgment must be reversed.

Judgment reversed.