Argued June 17, decided June 24, 1913.

## LUMBERMAN'S NATIONAL BANK v. MINOR.

(133 Pac. 87.)

**Landlord and Tenant—Lease—Right to Terminate.**

1. Where the right to terminate a lease on 60 days' notice reserved by the lessor could only be exercised in case he sold or leased for a term of years, it constituted a valid lease.

**Contracts—Performance—Satisfaction of Party.**

2. A contract binding a party to deliver to the adverse party a lease of a storeroom in the retail district of a city for a retail store, the lease to be satisfactory to the adverse party, is performed where the party secures an unexpired lease of a store by assignment with the consent of the lessor and tenders the same to the adverse party, who is satisfied with the location and the building, and he may not arbitrarily or unreasonably declare that the lease is not to his satisfaction.

From Multnomah: HENRY E. McGINN, Judge.

Statement by MR. JUSTICE EAKIN.

This is a proceeding upon a bill of interpleader by the Lumberman's National Bank of Portland, against Wirt Minor, as executor of the last will and testament of H. O. Stickney, deceased, and George L. Greenfield, disclosing the following state of facts: Defendants Stickney and Greenfield deposited in escrow with the plaintiff a certificate of stock of the Railway Exchange Building Company of the par value of $1,000, accompanied with an escrow agreement, by which it was provided that Stickney, the first party, for a valuable consideration, agreed to deliver to Greenfield, the second party, on or before November 1, 1910, "a good and sufficient lease to second party * * of a storeroom in the retail district of Portland, Oregon, to be used as and for a retail shoe store. Said lease to be satisfactory to second party, the evidence of which is to consist of the written agreement of second party to accept said lease and to release the security

it is hereinafter provided shall be given by first party. * * It is further agreed and provided that in case said lease * * shall not have been delivered to second party and his written agreement to accept the same and to release the security above provided for has not been presented to said bank before November 1, 1910, then * * the said shares of stock * * shall on the 1st day of November, 1910, be delivered * * to said second party; * * it being understood and agreed that the said security shall in such case be retained by said second party as agreed and liquidated damages." After November 1st each of the defendants demanded of the plaintiff the delivery of said certificate of stock to him; and plaintiff brings this suit asking that defendants be required to interplead and that the certificate of stock be determined between them. With the complaint plaintiff tendered into court the said certificate of stock and the escrow agreement. Thereupon defendants interpleaded thereto, and the issues so made were tried. Stickney secured an unexpired lease of the building at 132 Third Street, which was given by the owners, Strode and others, to the New York Central & Hudson River Railway Company, its successors and assigns, covering the time from May 31, 1909, to May 31, 1912, at $175 per month rental, which was assigned by the lessee to Stickney on September 16, 1910. About that time Stickney exhibited it to Greenfield and tendered it to him in fulfillment of the escrow agreement, and on October 28, 1910, it was again tendered to Greenfield, duly assigned to him by Stickney, which Greenfield testifies he refused to accept "because it was no lease, according to my idea; it was not satisfactory to me, and I did not consider it any lease at all"—which seems to have been the only objection made thereto at the time it was tendered to him. He relies upon the fact that, if he

said it was unsatisfactory to him, that decision was conclusive against Stickney regardless of the question of good faith, and by his pleadings he says that Stickney has failed to perform the terms of the escrow agreement and did not deliver to him any lease of any kind whatsoever. Upon the trial a decree was rendered that defendant Greenfield is entitled to the certificate of stock as liquidated damages. Stickney appeals.     REVERSED: DECREE RENDERED.

For appellant there was a brief over the names of *Mr. Jesse Stearns* and *Mr. John H. Hall,* with oral arguments by *Mr. Stearns* and *Mr. F. E. Martin.*

For the respondent, George L. Greenfield, there was a brief, with oral arguments by *Mr. H. C. King* and *Mr. William A. Williams.*

For the respondent, the Lumberman's National Bank, there was a brief over the names of *Messrs. Platt & Platt* and *Mr. Palmer L. Fales.*

MR. JUSTICE EAKIN delivered the opinion of the court.

If the objection to the lease "that there was no lease at all" may be held to include the sufficiency and form of the assignment, then it appears that Jerome, who executed the assignment in the name of the lessee, was the agent of the lessee, who negotiated and executed the lease in the name of the company in the first place, and who therefore had apparent authority to execute the assignment. This conclusion is confirmed by the testimony. It also appears by the evidence that Jerome had the oral consent of the lessors to assign it.

1. The right to terminate the lease upon 60 days' notice reserved by the lessors is not an arbitrary right

but is only to be exercised in case the lessors sell or lease for a term of years all of lot 5, block 19, City of Portland, upon which the storeroom at 132 Third Street is situated. Therefore the objection that the instrument tendered was not a valid lease is without merit.

2. It is objected in the brief that the building was occupied, and therefore not available to Greenfield; but this contention is without foundation as the lessee vacated the building on October 8th, and Greenfield at the time of the tender made no valid objection to the lease, nor has he done so at any time since.

The location and the building certainly were satisfactory to Greenfield. It is practically so admitted in the brief, and it appears that he tried to circumvent Stickney and to procure a lease for the same property from another source, well knowing that Stickney held an unexpired lease thereon, and that F. E. Smith & Co., with whom he sought to deal, had no power to make another lease covering the time of Stickney's lease; but, by agreement with Stickney and before consummating a lease with Greenfield, Smith did obtain the co-operation of Stickney and executed with Greenfield a lease covering the interest held by Stickney. As said in Greenfield's brief: "Honest dissatisfaction prevents recovery."

Both parties cite and rely upon the case of *Livesley* v. *Johnston,* 45 Or. 30, 48 (76 Pac. 13, 946, 950, 65 L. R. A. 783, 106 Am. St. Rep. 647), in which it is said:

"In a sale like the one at bar the buyer must also accept, unless in his honest judgment, exercised in absolute good faith, the commodity is not such as was contracted for. If so exercised, his determination becomes final, because the parties have so agreed; but if he exercises his judgment arbitrarily, capriciously, or fraudulently, with the sheer purpose of avoiding

his obligation to accept, it will not avail him, as the actual quality and condition of the hops may then be inquired into, notwithstanding his adverse determination."

This we understand to be a correct statement of the law. In *Zaleski* v. *Clark,* 44 Conn. 218 (26 Am. Rep. 446), cited by Greenfield upon this point, there was no question of defendant's honest dissatisfaction raised either in the pleadings or by the proof. The court expressly says: "The case shows that she was not satisfied with it [the bust]." While the same court in *Hawken* v. *Daley,* 85 Conn. 16 (81 Atl. 1053), makes the defense depend on an honest dissatisfaction. In the case of *Lynn* v. *Baltimore & Ohio R. R. Co.,* 60 Md. 404 (45 Am. Rep. 741), it is held that, no matter how erroneous or mistaken was the judgment of the party to be satisfied, it was conclusive between the parties unless tainted with fraud or bad faith; but, if the party rejected the tender in bad faith, plaintiff can recover. In *Doll* v. *Noble,* 116 N. Y. 230 (22 N. E. 406, 5 L. R. A. 554, 15 Am. St. Rep. 398), it is held that defendant cannot defeat a recovery by arbitrarily or unreasonably declaring that the work was not done to his satisfaction. Greenfield's bad faith in the refusal of the lease tendered by Stickney is shown in his attempt to circumvent that tender by endeavoring to get a lease and the possession of the same property from another source. It is apparent that a refusal to accept the lease tendered was not made in the exercise of an honest judgment in the premises. We conclude that Greenfield was satisfied with the lease, but that he arbitrarily and for the purpose of taking an unfair advantage of Stickney feigned a dissatisfaction with it, and that he has no right to the certificate of stock.

The decree of the lower court should be reversed and one entered here directing that the certificate be delivered to Stickney, that he recover his costs, and that the costs of plaintiff as established by the Circuit Court be adjudged against Greenfield.

REVERSED: DECREE RENDERED.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BEAN and MR. JUSTICE MCNARY, concur.