Argued February 6, reversed March 6, 1917.

## BARROW *v.* SCHOOL DIST. No. 8.

### (162 Pac. 789.)

**Schools and School Districts—Actions Against—Complaint—Audit of Claim.**

1. Under Laws of 1913, pages 300, 304, Section 1, subdivisions 3, 20, declaring it the duty of a district school board to audit all claims against the district, and providing that all demands must be approved by the board before an order can be drawn on the clerk thereof, the complaint against a school district in action on contract must allege the claim was presented to the board for audit.

**Schools and School Districts—Action Against—Complaint—Presentation of Claim.**

2. Allegation of the complaint in action against a school district on a contract claim that ·"defendant after a demand therefor now refuses to pay the same," is not the necessary allegation of presentation to the district school board of the claim for audit.

**Schools and School Districts—Action Against—Judgment.**

3. The voters of a school district having authorized the district school board to buy a school site and issue negotiable interest-bearing time warrants in payment, and the board, under Laws of 1913, page 300, Section 1, subdivisions 5, 6, having power to buy only on the terms authorized, the seller is not entitled to the ordinary money judgment against the district for which he prays, the warrant contemplated by Section 361, L. O. L., providing that where judgment for recovery of money is given against a school district, it shall be satisfied by an order on the treasurer for the amount of the judgment, being the ordinary demand warrant, and not a time warrant.

From Coos: John S. Coke, Judge.

This is an action by C. R. Barrow and Z. C. Strang against School District No. 8, of Coos County, Oregon, a body corporate.     Reversed With Directions.

Department 1.   Statement by Mr. Justice Burnett.

The plaintiffs elected to rely upon a cause of action thus stated in substance in their complaint: After alleging the corporate character of the defendant as a school district and the ownership of one plaintiff of one parcel of land, and the other of another, in an addition to Coquille, in Coos County, Oregon, they aver that on February 14, 1913, they offered to sell these tracts to the defendant as a site for a school building at a price of six thousand dollars; and that at a regularly called school meeting on March 12 of that year the offer of the plaintiffs was accepted by a majority of the legal voters participating in the meeting. Further, they state that on September 4, 1913, the board of directors of the school district formally accepted the offer; that on March 15, 1913, the plaintiffs tendered to the defendant good and sufficient deeds of conveyance to the property, which were accepted by the school board and have ever since been retained by it; that no part of the purchase price of said property has been paid to plaintiffs, "and this defendant, after a demand therefor, now refuses to pay the same."

A demurrer to the complaint was filed on the ground, among others, that the complaint does not state facts sufficient to constitute a cause of action against the defendant.   The demurrer was overruled.

The answer gives an extended history of the proceedings of the district, out of which grew this litigation.   It is enough for the purposes of this opinion to

say the answer shows that at a regularly called school meeting for that purpose, among other questions submitted to the legal voters present, they adopted affirmatively this question:

"Shall the district school board of School District No. 8, Coos County, Oregon, select and purchase as a schoolhouse site the following described property, at a cost of six thousand dollars, to-wit: (Barrow and Strang Tract) Blocks 7 and 8 of Barrow and Strang's Addition to the City of Coquille, Coos County, Oregon, in said district; and shall said district school board of said School District No. 8, issue negotiable interest-bearing time warrants of said district in the sum of six thousand dollars to pay for said property above described?"

The admissions and denials of the reply, as the same appear in the printed abstract, are unintelligible because they refer to lines and pages of the original answer which are not before us; but we glean from the bill of exceptions that the adoption of the proposition above quoted was effected and that upon the same the plaintiffs hang their case. The trial resulted in a verdict and judgment for the plaintiffs and the defendant appeals.        REVERSED WITH DIRECTIONS.

For appellant there was a brief and an oral argument by *Mr. A. J. Sherwood.*

For respondents there was a brief over the names of *Messrs. Peck & Peck* and *Mr. C. R. Barrow,* with oral arguments by *Mr. Cassius R. Peck* and *Mr. Barrow.*

MR. JUSTICE BURNETT delivered the opinion of the court.

The reading of the record throughout reveals much rancor between the parties concerned in this pro-

ceeding, to the extent, even, that the "lie direct," instead of the "retort courteous," appears in some instances. It is not necessary to pursue the controversy into all its details.

1, 2. The complaint being in the condition stated and the proposition adopted by the legal voters being admitted, as above set out, the defendant at the close of all the testimony moved the court to instruct the jury to render a verdict for the defendant. One reason advanced for this direction was that it is not averred in the complaint that the claim for the money alleged to be due on the contract set up in the complaint was ever presented to the board of directors for allowance or rejection.

The duties of district school boards are prescribed by Laws of 1913, page 299, in part as follows:

"To audit all claims against the district, and to authorize the clerk to draw orders for the amount. * * All demands, whether by contract or otherwise must be approved by the district school board when in session before an order can be drawn on the district clerk for them and no officer can draw an order on the treasurer unless he is authorized to do so by a vote of the board at a regular or special meeting. It shall be the duty of the board to examine all contracts for the employment of teachers and the construction of school houses, or for any other purpose, and see that the stipulations have been complied with before they authorize the payment of money thereon."

In *Stackpole* v. *School District No. 5,* 9 Or. 508, it was held that a complaint was amenable to a general demurrer when it did not allege that before the commencement of an action thereon the same had been presented to the board of directors for their audit and that the same had been rejected. The doctrine of this case was distinguished in *Sheridan* v. *City of Salem,*

14 Or. 328 (12 Pac. 925), but only so far as to make it inapplicable to a claim for damages resulting from a tort of the municipality. It was approved there so far as it relates to a claim upon a contract: See, also: *Philomath* v. *Ingle,* 41 Or. 289 (68 Pac. 803); *Richardson* v. *City of Salem,* 51 Or. 125 (94 Pac. 34). The only language of the complaint which might indicate a presentation of the claim is this: "This defendant after a demand therefor now refuses to pay the same." This is not an allegation of presentation for audit. It is not even stated of whom the demand was made. For this reason alone, the verdict ought to have been directed for the defendant, and this all the more because the general demurrer raised the same question.

3. Besides all this the plaintiffs are here demanding a money judgment when all they were entitled to in any event under the proposition adopted by the school meeting was an interest-bearing time warrant. We are mindful that under Section 361, L. O. L., where judgment is given for the recovery of money against a school district the same is satisfied by an order on the treasurer for the amount of the judgment in favor of the party for whom the same was given. The warrant there contemplated is the ordinary demand warrant and not the time warrant mentioned in the order passed by the school meeting. On the showing made the plaintiffs are not entitled to the ordinary money judgment.

The following excerpts respecting the duties of the directors are here set down, taken from Section 1 of the act of February 25, 1913, subdivisions 5 and 6:

Subd. 5. "If authorized by a majority vote of the legal voters present at any legally called school meeting they shall purchase, lease or build school houses, buy or lease land for school purposes, furnish school

houses with furniture, lights, and apparatus, and for such purposes may, when so authorized, levy not oftener than once a year, a tax not exceeding five per cent of the value of the taxable property of the district, or issue or sell negotiable bonds as hereinafter in this act provided. * * "

Subd. 6. "When authorized by a majority vote of the legal voters present at any legally called school meeting, they may, in the name and on behalf of their district, contract a debt by borrowing money, or otherwise, not to exceed five per centum of the value of the taxable property of the district, for the purpose of building a school building or repair of school buildings, or for the purchase of land for school purposes, and issue negotiable interest-bearing warrants (and fix the time of payment of the same) of their district, evidencing such debt; * * Provided, that whenever a school district in this state shall make a loan, borrow money, or refund any existing debt created by a vote of the electors or by the directors in pursuance of any statute, the *bona fide* resident citizens of such district shall have the right to subscribe for such loan, and it shall be the duty of the board of directors to order an advertisement to be published, setting forth the amount of such loan, the number of years the same shall run, and the rate of interest, in a newspaper published in the district, or by posting notices in three public places, and each *bona fide* resident of such district shall have the right to subscribe once for said loan for the entire amount or any portion of the same not less than $50 at par value, and in placing the loan the directors shall issue the same, whether it be notes, warrants, or bonds of the school district, to the smallest subscriber or subscribers first, one note, warrant, or bond to each such subscriber, upon payment of the amount subscribed in lawful money of the United States, until the entire loan has been placed. * * " Laws 1913, p. 299.

The authority conferred upon the directors by the school meeting was to issue negotiable interest-bear-

ing warrants of the said district in the sum of six thousand dollars, to pay for the said property above described. The statute under which the district operated is part of the contract by operation of law and all the plaintiffs can acquire is a warrant of the form and terms prescribed by the school meeting. Under these circumstances, the verdict should have been directed for the defendant. The conclusion is that the judgment of the Circuit Court must be reversed with directions to enter judgment for defendant.

REVERSED WITH DIRECTIONS.

MR. CHIEF JUSTICE MCBRIDE, MR. JUSTICE BENSON and MR. JUSTICE HARRIS concur.