This is an action to recover for the breach of a contract of hiring. The material allegations are pleaded as follows:
 "III.
"That on or about April 12th, 1911, plaintiff and defendant entered into a contract with each other for the services of plaintiff as architect upon certain terms and conditions embodied in a formal written offer duly and regularly made by defendant in pursuance of a resolution of its board of directors, and accepted by plaintiff, as follows, to-wit:
"`That Joseph Jacobberger be employed as architect to design and superintend the construction of *Page 576 
the new Rose City Park school building, eight rooms of which are to be erected this year, and that he be paid a total of 5 per cent commission for this work on the following terms:
"`Two per cent on the estimated cost of the entire building when plans for entire building are accepted.
"`Three per cent as the units of the building are built.'
 "IV.
"That thereupon and thereafter, subsequent to said April 12th, 1911, plaintiff entered upon the performance of his contract with defendant and made, designed and prepared plans and specifications for said Rose City Park school building, which were duly accepted by defendant, and said two per cent on the estimated cost of the entire building was paid by defendant to plaintiff in accordance with terms of said contract.
 "V.
"That thereupon and thereafter defendant proceeded with the erection of two units of said school building under the supervision of plaintiff as architect, and defendant paid to plaintiff three per cent on the estimated cost thereof, also in accordance with the terms of said contract.
 "VI.
"That thereupon and thereafter, on or about October 26, 1920, plaintiff, at the request of defendant, made, prepared and submitted to defendant an estimate of the cost of completing the remaining units of said building, known as the north wing thereof, which estimate of cost was and is the sum of $79,400.
 "VII.
"That thereafter on or about May 6, 1921, defendant, by resolution of its board of directors, duly and regularly made, decided to complete said remaining units on north wing of said building and to proceed *Page 577 
with the architectural work without this plaintiff, and thereupon plaintiff was notified by defendant through its duly appointed school clerk and business manager of the decision of said board, which would not allow plaintiff to continue to perform his services as architect under the terms of said contract.
 "VIII.
"That defendant has failed to comply with the said contract by refusing to allow plaintiff, as architect, to take charge of the work of completion of said building, and in violation of the terms thereof has wholly repudiated its obligation to pay plaintiff the remaining sum of 3 per cent. upon the estimated cost of said north wing now to be built by said defendant.
 "IX.
"That plaintiff has done all things required by him to be done under said contract, and has at all times been able, ready and willing to take charge, as architect, of the work of completing said building, but has been prevented from so doing by the acts of the defendant as aforesaid.
 "X.
"That by reason of the breach of contract with plaintiff on the part of defendant, as before stated, this plaintiff has suffered a loss and been damaged in the sum of $2,382, or the balance which would be due as plaintiff's compensation under the terms of said contract if the same were complied with by defendant.
"Wherefore, plaintiff demands judgment against defendant in the sum of $2,382 and for his costs and disbursements herein."
A general demurrer was interposed, which was overruled by the court, and defendant filed an answer, admitting the contract as set up in the complaint, and alleging that during the term of the directors *Page 578 
who then constituted the board of directors of said school district plaintiff prepared sundry plans and specifications for said Rose City Park school building, and supervised the construction of two units of said school building; that the services of the plaintiff to said board of directors were fully paid and discharged in accordance with the terms of said resolution; that said board of directors, as then constituted, did not then contemplate nor provide for the construction of other or additional units to said building, nor did the school population of the community wherein said school is located warrant or demand the construction of any additional units to said school; that the terms of office of the members who constituted the board of directors who adopted said resolution have long since expired, and said board of directors has been succeeded by other boards during the interval of eleven years since the adoption of said resolution, and that the present board of directors does not contain any of the members of the board of directors who passed said resolution; that during the month of May, 1921, the present board of directors decided to complete the remaining unit, namely, the north wing of said Rose City Park school building, and thereafter proceeded to let contracts and to construct said north wing; that said north wing now has practically been completed and the total cost thereof is not the sum of $79,400, nor any other or greater sum than $64,418.92; that said resolution passed by said former board of directors, as aforesaid, and the employment of the plaintiff thereunder, in so far as it related to the construction of said north wing of said Rose City Park school, or was intended to relate to said north wing, was wholly unreasonable and was legally fraudulent and *Page 579 
void, in view of the existing circumstances, namely: that said former board of directors did not contemplate the erection of any further units during the continuance of its term in office, did not provide funds for the construction of any further units, nor for the payment of the fees of plaintiff, nor was the school population of the community wherein said school is located sufficiently large to require the erection of any further units to said school building, nor had the school population of said community increased so as to make said additional unit necessary or desirable during the period of ten years subsequent to the passage of said resolution; that the situation and circumstances of said district at the time of the adoption of said resolution by the former board of directors did not carry any element of necessity for the appointment of plaintiff to supervise the erection of the north wing of said school when such north wing should become necessary, and said board was without power to tie the hands of the people of said district and subsequent boards in so important a matter as the appointment of an architect to supervise said north wing when it should become necessary to construct the same; that the present board of directors, at the time it entered upon the construction of said north wing, refused to recognize or be bound by the terms of said resolution so adopted, as aforesaid, and refused to accept the services of plaintiff and notified said plaintiff accordingly.
The case was tried by a jury, which returned a verdict for the plaintiff in the sum of $2,040, and from a judgment on such verdict the defendant appeals.
REVERSED AND REMANDED WITH DIRECTIONS. REHEARING DENIED. *Page 580 
The demurrer in this case should have been sustained. There is no allegation in the complaint that the plaintiff's claim herein was ever presented to the school board for audit, and such presentation has been distinctly held to be necessary: Barrow
v. School Dist. No. 8, 83 Or. 272 (162 P. 789). The complaint is fatally defective in this respect.
It is urged that this is cured by evidence introduced by the plaintiff tending to show that such presentation had been made, and it is urged that, this evidence having been introduced, the alleged omission is cured by the verdict. The introduction of such testimony was strenuously objected to by the defendant, and the lack of a necessary allegation in the complaint cannot be cured by a verdict based upon evidence improperly admitted.
The judgment will be reversed and the cause remanded to the court below, with instructions to sustain the demurrer.
REVERSED AND REMANDED WITH DIRECTIONS. REHEARING DENIED.
BURNETT, RAND and COSHOW, JJ., concur. *Page 581