Argued May 31; modified July 9; rehearing denied July 30, 1935

COLE *v.* SCHOOL DISTRICT No. 30 ET AL.

(47 P. (2d) 229)

*A. C. Fulton,* of Astoria (G. C. & A. C. Fulton, of Astoria, on the brief), for appellants.

*James L. Hope,* of Astoria, for respondents.

RAND, J. Between November 5, 1926, and February 3, 1928, School District No. 30 of Clatsop county caused to be issued in payment of teachers' salaries, supplies, equipment and other incidental expenses of the district certain warrants, and 220 thereof, aggregating the principal sum of $19,522.87, were purchased by the Astoria National Bank. Later, and while it was still the owner of said warrants, the bank closed its doors and John H. Cole, the plaintiff herein, was appointed as the receiver of said bank. None of the warrants held by the bank were paid and on December 29, 1930, in an action brought by the plaintiff against the district, the plaintiff recovered judgment for the sum of $23,318.56, and thereupon the plaintiff, pursuant to section 5-505, Oregon Code 1930, filed with the district a transcript of the judgment, showing that the same had been fully satisfied and discharged of record and received in lieu thereof two warrants, one dated March 19, 1931, for $23,342.96, and one dated August 21, 1931, for $276.06, both of which, when presented for payment, were duly indorsed "not paid for want of funds". Neither of said warrants has since been paid although plaintiff has frequently demanded payment thereof.

Subsequently and on July 13, 1934, the plaintiff filed in the circuit court for Clatsop county a petition praying that an alternative writ of mandamus be issued, requiring the defendant district and its board of directors either to levy a tax in a sufficient sum not only to pay its current expenses for the maintenance and operation of its schools but also to pay plaintiff's said warrants, or else show cause for not having done so. The writ was issued as prayed for and the cause shown for its failure to levy the tax as directed in the writ was by way of an answer filed by the district, setting up that the defendants' reason for not levying

a tax as prayed for in the petition for the writ was the fact that the assessed value of the property within the district had been greatly decreased because of the economic conditions which had prevailed since the issuance of the warrants mentioned in the writ and also because considerably more than one-fourth of the taxes levied by the district for the years 1930 to 1933, both inclusive, had become delinquent and that the amounts received by the district were only sufficient to pay the current expenses of operating its schools and the interest on the bonded indebtedness of the district, which, by statute, the district was compelled to pay.

The cause was then tried upon the issues made by the writ, the answer and the reply and at the end thereof a peremptory writ was issued, directing the defendants to levy for the tax year 1934, and for each successive taxable year thereafter, until plaintiff's said two warrants had been fully paid, an additional sum of not less than $5,000 over and above the amount necessary for the maintenance and operation of the schools within the district and payment of interest on its bonded indebtedness and to include such additional amount within its budget for each of said years, and to apply the same in payment of said warrants within thirty days after the receipt thereof by the district. From this writ, the defendants have appealed.

It appears from the findings of the trial court that the total taxes levied by the defendant school district during the year 1931 and payable in 1932 were $22,605.18; during the year 1932 and payable in 1933, $17,463; and during the year 1933 and payable in 1934, $17,407.77. The court also found "that said defendant school district has already caused to be levied for the taxable year 1934 the sum of eighteen thousand seventy and 56/100 ($18,070.56) dollars. That the

amount which said school district could levy within the constitutional prohibitions would be a total of twenty-three thousand nine hundred sixty-one and 48/100 ($23,961.48) dollars, or five thousand eight hundred ninety and 92/100 ($5,890.92) dollars over the amount now levied for the taxable year 1934''. And based upon these findings, the court directed the issuance of the peremptory writ.

Upon the trial, it was stipulated that the assessed valuation of the taxable property within the district for the year 1930 was $879,024, against which there was levied by the district a tax of $24,179.16, and that of this levy 26.8 per cent was delinquent; that the assessed valuation for the year 1931 was $832,745 and that of the school tax levy of $22,605.18 38 per cent was delinquent; that for 1932, the assessed valuation was $663,357 and that 40 per cent of the tax levy by the district was delinquent, and that during the year 1933 the assessed valuation of the taxable property within the district was only $576, 295 and that of the tax levied that year for school purposes there was an estimated delinquency of 50 per cent.

It also appears from the record that the territorial boundaries of the defendant school district are co-terminous with those of the city of Warrenton and it was stipulated that of the taxes levied upon the taxable property within the city of Warrenton for all purposes for the year 1930 47 per cent was delinquent; for 1931, 53.9 per cent was delinquent; for 1932, 52 per cent was delinquent, and in 1933 the delinquency was estimated to be 50 per cent.

It was also stipulated that the ''total tax millage levy upon the taxable property in the city of Warrenton for the fiscal year A. D. 1934, including the levy made for public schools in defendant school district,

as well as other taxes, aggregates 115.6 mills in that part thereof constituting Diking District No. 1, 112.9 mills in that part of such city known and described as Diking District No. 2, and 116.5 mills in that part of such city known and described as Diking District No. 3, as shown upon page 1 of 'Exhibit B' attached to defendants' answer".

In entering into this stipulation, plaintiff's counsel contended that the facts stipulated and above referred to were wholly irrelevant and immaterial and expressly reserved in the stipulation the right to object upon that ground to their consideration by the court. We think that these matters were entitled to no consideration by the court in determining the legal rights of the plaintiff and, therefore, were wholly irrelevant and immaterial for any purpose in the case. The obligations sued on were admittedly valid and the district was bound to pay them as it had agreed to do. Their enforcement, therefore, was not dependent in any way upon the ability of the district to pay or the reduced valuation of the assessable property within the district. Nor was the fact that many of the taxpayers had delayed payment of their taxes any excuse for the defendant district's failure to perform its own obligations. The statute provides a way by which the property of a non-paying taxpayer can be sold and the taxes be collected and makes it the duty of the constituted authorities to enforce such collection in the manner provided.

■ Section 35-1814, Oregon Code 1930, provides:

"When any warrants, issued by any school district of this state have been or hereafter may be indorsed 'not paid for want of funds', and funds shall thereafter become available for the payment of the same, such funds shall be applied in payment of such warrants in the order in which they were so indorsed."

It is established by the undisputed testimony that there are now outstanding and unpaid thirteen warrants each for the sum of $1,000 which were issued to the city of Warrenton by the defendant school district on December 28, 1922, and, on the date of their issuance, they were indorsed ''not paid for want of funds''. It was also established upon the trial that between September 1, 1926, and June 7, 1929, other warrants were issued by the district to various and sundry persons, totaling the sum of $3,261, and that each thereof had, prior to June 7, 1929, been indorsed ''not paid for want of funds''. Under the positive provisions of the above statute, when funds become available for their payment, these warrants must be paid in the order in which they were so indorsed. The plaintiff contends, and the trial court seems to have so held, that because his claim upon the warrants issued to the bank has been reduced to judgment plaintiff is entitled to priority of payment over all the oustanding unpaid warrants of the district even though the warrants now held by him bear a subsequent date of indorsement. We do not think that such an effect could be given to them without violating the plain provisions of the statute quoted above. That statute makes no distinction between ordinary demand warrants issued by a school district, which are given in satisfaction of a judgment rendered upon warrants previously issued by the district, such as was the judgment in question here.

The question has not been directly passed upon heretofore by this court and is one we think wholly controlled by the provisions of the above statute. For that reason cases cited from other jurisdictions, where no such statute obtains or where there is a different statute

than our own, are not in any way controlling in this case.

In *Barrow v. School District No. 8,* 83 Or. 272 (162 P. 789), the question was indirectly involved and, in so far as indirectly applicable to this decision, it is entitled perhaps to some weight. That was an action to recover the agreed price of land sold to a school district for school purposes, the purchase price of which was to be paid in negotiable, interest-bearing time warrants and, while it was held that because of plaintiffs' failure to present the claim for audit to the board of directors and because the claim was not payable in money, a money judgment could not be rendered, the court, in disposing of the case, said:

"Besides all this the plaintiffs are here demanding a money judgment when all they were entitled to in any event under the proposition adopted by the school meeting was an interest-bearing time warrant. We are mindful that under section 361, L. O. L., where judgment is given for the recovery of money against a school district the same is satisfied by an order on the treasurer for the amount of the judgment in favor of the party for whom the same was given. The warrant there contemplated is the ordinary demand warrant and not the time warrant mentioned in the order passed by the school meeting. On the showing made the plaintiffs are not entitled to the ordinary money judgment."

The warrants involved here, both those sued on and those later received in satisfaction of the judgment, are ordinary demand warrants and, when indorsed, came under the control of the statute so far as the question of their priority over other warrants of the same class is concerned. But this in no way affects the right of the plaintiff to have the district levy a tax for the purpose of providing a fund for the payment of its outstanding warrants, including his own, the same to be

paid in the manner and at the time provided by the statute.

For that reason, the action of the trial court, in directing the issuance of the peremptory writ, will be affirmed and the defendant district will be required to make a levy each year, as provided in the writ, until all the warrants issued by the district having priority over those issued to plaintiff and including plaintiff's warrants have been paid. We are, of course, not passing upon the validity of any of the warrants referred to except those now held by the plaintiff. As to all the other warrants except those belonging to the plaintiff, the defendant district, if it has any defense thereto, may resist their payment without reference to anything here said. Except as above indicated, the order and judgment appealed from is affirmed.