Argued October 3, reversed October 17, 1950

## BOYLE v. SCHOOL DISTRICT NO. 8 OF DOUGLAS COUNTY, OREGON

222 P. (2d) 1004

H. R. Winston argued the cause for appellant. On the brief were Winston & Dimick and Avery W. Thompson, all of Roseburg.

A. N. Orcutt argued the cause for respondent. On the brief were Orcutt, Long & Neuner, of Roseburg.

Before Lusk, Chief Justice, and Brand, Rossman, Hay, Latourette and Warner, Justices.

LATOURETTE, J.

Plaintiff recovered a judgment against defendant in the sum of $4,200.00 for breach of a teaching contract. Defendant appealed.

Plaintiff's amended complaint contained no allegation that, prior to the filing of his action, he presented to the defendant school board his claim for compensation, pursuant to § 111-1012, O. C. L. A. and the decisions of this court, nor is there any evidence in the record that such claim was ever presented as required. It has been held in the following cases that a complaint, which fails to specify that such claim was presented to the school board, is insufficient: *Stackpole v. School District No. 5,* 9 Or. 508; *Barrow v. School District No. 8,* 83 Or. 272, 162 P. 789; *Jacobberger v. School District No. 1,* 114 Or. 575, 235 P. 277.

Plaintiff's counsel urges that, since it is alleged in the amended complaint that the defendant refused to pay the salary of plaintiff, which the defendant in its answer admitted, this would obviate the necessity of presenting a claim, the law not requiring an idle or vain thing to be done. This very question was raised in the Barrow case, supra, the court disposing of it in this language:

"The only language of the complaint which might indicate a presentation of the claim is this: 'This defendant after a demand therefor now refuses to pay the same.' This is not an allegation of presentation for audit."

In the instant case, there is no allegation even of a demand. It is urged that we overturn the previous holdings of this court since the case has been tried on its merits, and a reversal would require another trial with the "resulting cost, expense and delay to both of the parties litigant." This we cannot do because we feel,

as did this court in the Stackpole case, supra, that "* * * the policy of the law in not allowing every claimant against a school district to annoy and harass it with a lawsuit, before submitting his claim to the board, is a wise and salutary one, and calculated to avoid much unnecessary litigation and expense to the school district."

The amended complaint in the instant case does not state facts sufficient to constitute a cause of action. The judgment, therefore, will be reversed.