Argued May 7, affirmed June 19, 1957

JOHNSON *v.* SCHOOL DISTRICT No. 12,
WALLOWA COUNTY
312 P. 2d 591

*Harold Banta* argued the cause for appellant. On the briefs were Banta, Silven & Horton, Baker.

*Leland F. Hess* argued the cause for respondent. On the brief were Hess & Hess, Portland.

Before PERRY, Chief Justice, and BRAND, Mc-ALLISTER and KESTER, Justices.

KESTER, J.

This is an action to recover damages for breach of contract, in which plaintiff appeals from a judgment of nonsuit.

■ Plaintiff was a school-bus operator in the Wallowa area, and on September 1, 1951, he entered into a

contract with School District No. 4 of Wallowa county for the operation of a school bus during the two school years 1951-52-53. Under the contract he was to transport students residing in School District No. 4 to and from the school operated by School District No. 12, also of Wallowa county. For his services he was to receive $2,700 per school year, payable in advance at the rate of $300 per month for nine months. The contract contained the following option:

> "The said second party [Johnson] is to have option the next 3 years if a bus is run and his service has been satisfactory."

It is agreed that plaintiff operated a bus during the two-year period of the contract, and for that he was fully paid. During 1953, District No. 4 and District No. 12 were consolidated, and it is agreed that District No. 12 (the defendant here) assumed all valid outstanding obligations of District No. 4. On June 9, 1953, after preliminary negotiations, plaintiff wrote to the board of District No. 12 stating that he elected to exercise his option. Defendant, however, refused to accept plaintiff's services, and instead defendant has operated its own bus, over the same route, since that time.

Plaintiff alleges that his services were satisfactory, and he seeks damages for the refusal of District No. 12 to renew the contract in accordance with the option. He alleges that his cost of operation would have been not in excess of $1,200 per year, leaving a net profit of $1,500 per year, or $4,500 for the three-year extension, in which amount damages are claimed.

The complaint was not challenged by demurrer, but at the commencement of trial defendant objected to the introduction of any evidence on the ground that "the complaint fails to state facts sufficient to constitute

a cause of action and this court has no jurisdiction over the persons or subject matter of this controversy." The objection was not argued at that time, and the grounds of the objection were never particularized.

Plaintiff offered evidence from which the jury could have found that his services were in all respects satisfactory; that no member of either school board or parent of any student had expressed any substantial complaint as to his performance of the contract; that the real reason for not renewing his contract was that the school board of District No. 12 preferred that the district operate its own bus; and that some members of the board of District No. 12 considered that it was not legally bound by the contract which had originally been made with District No. 4.

At the conclusion of plaintiff's case, defendant moved for a nonsuit on grounds which were stated as follows:

"The contract shows upon its face that the option given by the contract is conditional upon the plaintiff's service being satisfactory to the promisor, in this case, the Board of Directors of School District No. 4. The burden is upon the plaintiff to prove that his service was satisfactory and that he furnished suitable busses and drivers satisfactory to the school board. This he has failed to do. There is no evidence in the record from which satisfaction can be found.

"The second ground is that the evidence affirmatively shows this dissatisfaction and that the ground of dissatisfaction cannot as a matter of law be inquired into by this Court or this jury.

"Then, for the third, that the evidence in the best light shows that the plaintiff performed in a manner which he thinks should have been satisfactory to the board, but which, in fact, is shown to have been unsatisfactory to the party having the

judgment to determine satisfaction under the terms of the contract."

In granting the nonsuit, the trial court held that the contractual provision that plaintiff's service be "satisfactory" was akin to those contracts where fancy, taste, or personal judgment are involved, and where lack of satisfaction on the part of the promisor is not reviewable. In effect, he held that the option was unenforceable against the school district.

Upon appeal, for the first time, defendant asserts that the complaint is defective in that it does not allege that plaintiff presented his claim to the school board for approval before bringing action. ORS 332.070; *Stackpole v. School District No. 5,* 9 Or 508; *Barrow v. School District No. 8,* 83 Or 272, 162 P 789; *Jacobberger v. School District No. 1,* 114 Or 575, 235 P 277; *Boyle v. School District No. 8,* 190 Or 60, 222 P2d 1004.

Under the foregoing cases the objection is well taken and must be sustained, even though the sufficiency of the complaint is challenged in this court for the first time. ORS 16.330; *Ross v. Robinson,* 169 Or 293, 315, 124 P2d 918, 128 P2d 956. It is unfortunate that the point was not raised earlier as considerable saving of the time of the trial court and this court might have resulted.

Plaintiff argues that compliance with ORS 332.070 was waived, and that formal presentation of the claim would have been a vain and useless thing, as the board had already repudiated the obligation by refusing to permit plaintiff to operate his bus and by operating its own bus. However, the same argument was made and rejected in the Barrow case and in the Boyle case, supra. See 190 Or at p 61.

Furthermore, even though defendant, upon formal presentation of the claim, might have adhered to its repudiation of the contract, it was entitled to consider the amount of the claim, which was unliquidated to the extent that it involved the difference between the contract price and the probable expenses of operation. The purpose of requiring presentation of the claim is to enable the board to pay or settle the claim without suit, if it so desires. We cannot say as a matter of law that compromise would have been impossible, even though the district now denies liability absolutely.

It follows that the judgment of nonsuit must be affirmed. However, in plaintiff's brief it is stated that in fact a formal claim was presented to the board, although there is no such pleading or evidence here. Anticipating, therefore, that the cause may be refiled, and being anxious to avoid further litigation if possible, we think it appropriate to express our views upon the other principal question which has been briefed and argued.

■■■ Plaintiff's option to renew the contract if his service has been satisfactory presents a question similar to those arising under contracts giving one party a right to terminate or be relieved from obligation if performance is unsatisfactory. Such contracts are generally grouped into two categories:

(1) Those which involve taste, fancy or personal judgment, the classical example being a commission to paint a portrait. In such cases the promisor is the sole judge of the quality of the work, and his right to reject, if in good faith, is absolute and may not be reviewed by court or jury.

(2) Those which involve utility, fitness or value, which can be measured against a more or less ob-

jective standard. In these cases, although there is some conflict, we think the better view is that performance need only be "reasonably satisfactory," and if the promisor refuses the proffered performance, the correctness of his decision and the adequacy of his grounds are subject to review.

In general, see 12 Am Jur 895-8, Contracts §§ 340-341; 17 CJS 1006-1010, Contracts § 495; 13 CJ 675-679, Contracts §§ 768-770; 3 Corbin on Contracts 560-587, §§ 644-649; 3 Williston on Contracts (Rev ed) 1943-1949, § 675A.

Master and servant cases, where the contract provides that the employment shall continue as long as the employe's services are satisfactory, are usually classed with the first group; and it is generally held that the employer has an absolute right to discharge the employe if he, in good faith, is actually dissatisfied, without regard to the sufficiency of his reasons. 35 Am Jur 463-5, Master and Servant § 28; 56 CJS 415-8, Master and Servant § 32; Annotation, 6 ALR 1497.

■ Where, in a given contract, it is doubtful whether the promise is intended to be conditional on the promisor's personal satisfaction or on the sufficiency of the performance to satisfy a reasonable man, the latter interpretation is adopted. Restatement of Contracts § 265.

■ Even in cases where the right to terminate is absolute, the dissatisfaction must be actual and honest, and not merely feigned in order to escape liability. *Livesley v. Johnston,* 45 Or 30, 47, 76 P 13, 946; *Lumberman's Nat. Bank v. Minor,* 65 Or 412, 416, 133 P 87; *Strode v. Smith,* 66 Or 163, 180-182, 131 P 1032.

And where a right to renewal is predicated upon the existence of mutually satisfactory conditions at the

expiration of the original period, one party cannot defeat the option by unreasonable refusal to cooperate in making the operation satisfactory. *National Grain Yeast Corp. v. City of Crystal Lake*, (7th Cir) 147 F2d 711.

■ That an action for damages can be maintained for breach of an option to renew a contract, upon performance of the specified conditions, was held in *Olympia Bottling Works v. Olympia Brewing Co.*, 56 Or 87, 91, 107 P 969, and *Johnson v. Homestead-Iron Dyke Mines Co.*, 98 Or 318, 329-30, 193 P 1036.

■ After study of the contract in question here, we are of the opinion that the standard of performance involved is not the mere personal satisfaction of the school board, unsupported by reason, but it is such performance as would satisfy a reasonable man under the circumstances.

Plaintiff was not an employe, but an independent contractor; and while his services involved some intangible factors, we think they were not of the character to come within the rule of taste, fancy or personal judgment. To hold otherwise would, as pointed out by the trial court, render the option meaningless; and we are obliged, if possible, to construe the contract so as to give effect to all its provisions, ORS 42.230. Such construction does not, as argued by defendant, render meaningless the requirement of satisfaction, as reasonable satisfaction is still required.

In our opinion, therefore, plaintiff would establish a prima facie case for renewal of the contract by proving that his performance was of a quality that should have satisfied a reasonable man under the circumstances.

The judgment of nonsuit is affirmed.