**TELE-CONTROLS, INC. and Audio Systems Co., Plaintiffs-Appellants,**

v.

**FORD INDUSTRIES, INC., Defendant-Appellee.**

**No. 16229.**

United States Court of Appeals
Seventh Circuit.
Dec. 21, 1967.

Elmer Gertz, Wayne B. Giampietro, Chicago, Ill., for plaintiffs-appellants.

Robert L. Stern, Roger W. Barrett, Everett L. Hollis, Jack Guthman, Chicago, Ill., for defendant-appellee.

Before HASTINGS, Chief Judge, and KNOCH, Senior Circuit Judge, and CUMMINGS, Circuit Judge.

CUMMINGS, Circuit Judge.

In this diversity action, Audio Systems Co. ("Audio"),[1] an Illinois corporation, has sued Ford Industries, Inc., a Washington corporation, for damages and for injunctive relief against Ford Industries' termination of Audio's dealership. This appeal is from the District Court's denial of a preliminary injunction *pendente lite*.

In January 1966, the predecessors of Audio and Ford Industries entered into a dealer agreement making Audio's predecessor the exclusive sales agent in the Chicago area for Code-a-phones, a telephone-answering device manufactured by Ford Industries' predecessor. Paragraph 13(b) of the contract provided:

> "Either party hereto may terminate this Agreement at any time, with or without cause, by giving to the other party a written notice of intention to terminate at least thirty (30) days prior to the effective date of termination specified in such notice. In the event of termination by Code-a-phone, Dealer shall continue to maintain the sales and service facilities previously maintained until the effective date of the termination."[2]

On February 1, 1967, Ford Industries sent a notice of termination to Audio, effective at the close of business on March

---

1. The other plaintiff is Audio's predecessor, Tele-Controls, Inc., another Illinois corporation.

2. Audio does not challenge the validity of this clause. A somewhat similar clause was upheld in Buggs v. Ford Motor

10. On February 13, this suit was filed. Audio's motion for a preliminary injunction was supported by the affidavit of its president, and his deposition was taken by Ford Industries on March 13, 1967. The motion for preliminary injunction was denied a month thereafter.

■ Audio first argues that the District Court should have issued a preliminary injunction to preserve the status quo in order to prevent irreparable injury. Under Illinois law, a trial court's decision on a preliminary injunction is reversible only for abuse of discretion. Capitol Records, Inc. v. Vee Jay Records, Inc., 47 Ill.App.2d 468, 477, 197 N.E.2d 503 (1964). In exercising his discretion, the trial judge must consider principally the following standards: the adequacy of a remedy at law (Bour v. Illinois Central R. Co., 176 Ill.App. 185, 198 (1912) ); the relative harm to the parties resulting from the denial or grant of the injunction (Fishwick v. Lewis, 258 Ill.App. 402, 409–410 (1930)); and the likelihood that plaintiff will prevail on the merits (Lipkin v. Burnstine, 18 Ill.App.2d 509, 517, 152 N.E.2d 745 (1958)). Under federal law too, similar standards govern. 7 Moore's Federal Practice, §§ 65.04[2] and 65.18[3]. Therefore, we need not determine whether state or federal law governs the issuance or denial of an injunction in a diversity case. See Dick v. New York Life Insurance Co., 359 U.S. 437, 444–445, 79 S.Ct. 921, 3 L. Ed.2d 935.

■ As to the question of adequacy of remedy at law, Audio stresses the difficulty of computing damages, but the District Court felt that the damages could be sufficiently measured. Both the complaint and the deposition of Audio's president refer to specific lost dollar amounts, and the amount recoverable as lost profits can be measured on the basis of past performance and present predictions. Therefore, equitable relief was not required. Bour v. Illinois Central R.

Co., 176 Ill.App. 185, 198–200 (1912); Tidd v. General Printing Co., 257 Ill.App. 596, 606 (1930); 2 Restatement of the Law of Contracts, § 361.

Ellis Electrical Laboratory Sales Corp. v. Ellis, 269 Ill.App. 417 (1933) is not to the contrary. That case dealt with a permanent injunction and plaintiff's success on the merits had been assured before an injunction was ordered. There, too, it was uncertain how much of plaintiff distributor's business would be lost by the manufacturer's competition, whereas here and in Bour, the plaintiff lost all its business, making computation of damages easier.

As in Ellis, the case of Madsen v. Chrysler Corp., 261 F.Supp. 488 (N.D. Ill.1966), involved a permanent injunction. Also as in Ellis, the court decided after the trial that the defendant had breached the contract and that plaintiff was entitled to some relief. The termination clause in Madsen was dissimilar to the one at bar. Madsen does not support a reversal.

■ As to balancing the comparative harm to the parties by denying relief, Audio is not precluded from obtaining another telephone-answering device franchise, and Ford Industries is not forced to continue dealing with a dealer it has found to be unsatisfactory. In this connection, the District Court found it should not force Ford Industries to perform this continuous relationship involving many personal contacts. Ambassador Foods Corp. v. Montgomery Ward & Co., 43 Ill.App.2d 100, 105–107, 192 N. E.2d 572 (1963); Almar Forming Machinery Co. v. F. & W. Metal Forming Machinery Co., 308 Ill.App. 151, 164–165, 31 N.E.2d 415 (1941). We cannot say that balancing the equities here compels the issuance of a preliminary injunction. No such showing has been convincingly made.

■ The third factor with respect to the propriety of issuing a preliminary injunction is the likelihood of success on

Co., 113 F.2d 618 (7th Cir. 1940), certiorari denied, 311 U.S. 688, 61 S.Ct. 65,

85 L.Ed. 444; see also 6 Corbin on Contracts, § 1266, note 73.

the merits. Plaintiff insists that termination can be made only in good faith. Paragraph 19(a) of the contract provides that it "shall be interpreted and construed according to the laws of the State of Oregon." The parties' intention to be governed by Oregon law should be honored. Lauritzen v. Larsen, 345 U.S. 571, 588–589, 73 S.Ct. 921, 97 L.Ed. 1254. However, instead of relying on Oregon decisional law, plaintiff's reliance is upon opinions from other jurisdictions. Being inapplicable by the express terms of the contract, they need not be discussed herein. Plaintiff's other reliance is upon the Uniform Commercial Code, which has been adopted in Oregon and Illinois. Section 1–203 of the Uniform Commercial Code provides: "Every contract or duty within this Act imposes an obligation of good faith in its performance or enforcement."[3] This is an overriding provision that applies to the contract termination provisions found in § 2–309(2) and (3) of the Uniform Commercial Code.[4] See 1 Anderson's Uniform Commercial Code (1961), pp. 38–39.

It is unnecessary to decide whether the Uniform Commercial Code governs this entire dealership contract, for Oregon case law requires that termination must be in good faith. Johnson v. School District #12, 210 Or. 585, 312 P.2d 591, 593–594 (1957); Lumbermen's National Bank v. Minor, 65 Or. 412, 133 P. 87, 88 (1913); see also 1A Corbin on Contracts, § 265, note 64; cf. Bushwick-Decatur Motors v. Ford Motor Co., 116 F.2d 675, 677 (2d Cir. 1940). Under Oregon law, if Audio had been able to establish Ford Industries' bad faith, a preliminary injunction might have been appropriate. However, no sufficient showing of bad faith has yet been made. The record does show that Ford Industries considered Audio to be an unsatisfactory dealer, inadequately capitalized, not selling enough Code-a-phone units, and not maintaining a sufficient inventory. Of course, if Ford Industries' bad faith can

be established at the trial, the District Court might then properly conclude to grant injunctive relief.

Since no abuse of discretion has been demonstrated, the District Court's order denying the plaintiffs' motion for preliminary injunction is affirmed.

---

3. Ore.Stats. § 71.2030; Ill.Rev.Stats. (1965) ch. 26, § 1–203.

4. Ore.Stats. § 72.3090(2) and (3); Ill. Rev.Stats. (1965) ch. 26, § 2–309(2) and (3).