Argued and submitted November 8, 1979, reversed and remanded
with instructions February 11, 1980

## TELFORD,
*Appellant - Cross-Respondent,*

*v.*

## CLACKAMAS COUNTY, et al,
*Respondents - Cross-Appellants.*

(No. 78-4-119, CA 13643)

605 P2d 1365

Gary M. Bullock, Portland, argued the cause and filed the briefs for appellant - cross-respondent.

Keith Kinsman, Oregon City, argued the cause and filed the briefs for respondents - cross-appellants.

Before Schwab, Chief Judge, and Lee and Richardson, Judges.

RICHARDSON, J.

**RICHARDSON, J.,**

In this declaratory judgment proceeding, plaintiff sought a declaration of rights under and damages for anticipatory breach of a contract between him and the Housing Authority of Clackamas County. The trial court, sitting without a jury, ruled that the contract was voidable, but awarded plaintiff damages equal to the difference between the compensation and benefits plaintiff was to receive under the contract and the lesser amounts the housing authority had paid him for several months prior to the time the contract was "voided." The trial court also awarded attorney's fees to plaintiff. The parties cross-appeal. We reverse.

In 1976, the housing authority and plaintiff entered into a contract, pursuant to which plaintiff was to serve as the executive secretary of the authority from the date of the contract through February, 1982. At the time the contract was executed, the board of the housing authority apparently consisted of persons who were not members of the board of county commissioners of Clackamas County. *See* ORS 456.095. Effective July 1, 1977, however, the board of county commissioners, as the governing body of the county, exercised its option to become the board of the housing authority pursuant to ORS 456.095(1)(b) by

> "[d]eclaring, by resolution, that the governing body, itself, shall exercise the powers of a housing authority * * *."

ORS 456.095(1)(b) provides that, when a city or county governing body becomes the board of a housing authority,

> "* * * any act of the governing body acting as a housing authority shall be, and shall be considered, the act of the housing authority only and not of the governing body."

Effective May 1, 1978, the housing authority reduced the compensation plaintiff had been receiving pursuant to the contract and assigned him to a less responsible position than the one he held under the

[401]

contract. Plaintiff's employment was terminated on December 15, 1978.

On appeal, defendants argue that Clackamas County and the housing authority are separate entities and that plaintiff has wrongly sought and obtained a judgment against Clackamas County and against individuals acting as officers or employees of Clackamas County for an alleged breach of a contract between plaintiff and the housing authority. The housing authority was not named a defendant. The individual defendants are identified in the caption and body of the complaint as officers or employees of the county rather than the housing authority.

Defendants are correct in contending that the county and the housing authority are separate entities, notwithstanding the identical membership of their governing boards. ORS 456.095(1)(b); *Western Mills v. Housing Auth. of Salem*, 34 Or App 401, 403, 578 P2d 817, *rev den* 283 Or 235 (1978). However, the question remains whether defendants adequately raised in the trial court proceedings the issue of plaintiff's failure to name the housing authority as a defendant, or whether it was necessary for defendants to have done so to preserve that issue for this court's consideration. Defendants did not raise the issue by demurrer, either on grounds of a defect of parties or a failure to state a cause of action. They also did not move for a nonsuit or for judgment at trial based on plaintiff's failure to introduce evidence probative of *their* involvement in or breach of the contract. *Cf. Hendrix v. McKee*, 281 Or 123, 125, n 2, 575 P2d 134 (1978). Defendants *did* question the absence of the housing authority as a party in a trial memorandum and in their objections to the court's findings and conclusions.

It is not necessary, in our view, to determine whether the procedure by which defendants raised the issue of plaintiff's failure to name the housing authority was sufficient, because we conclude that the issue did not have to be preserved at trial to be considered on

[402]

appeal. The Supreme Court has indicated—perhaps too broadly—that a defect of parties is waived if it is not raised by motion, plea or demurrer. *See, e.g., Kirkpatrick v. U. S. National Bank*, 264 Or 1, 11, 502 P2d 579 (1972); *cf. Beers v. Beers, Administratrix*, 204 Or 636, 639, 283 P2d 666 (1955). However, this was not a case in which some but not all necessary parties were named defendants; it was a case in which the *only* party against which a cause of action *could* be stated through the facts alleged was not a named defendant and was not the named object of the operative allegations of the complaint. Therefore, there was a defect of parties; there was a failure to state a cause of action.

Former ORS 16.330[1] provided, as pertinent:

"If no objection is taken, either by demurrer or answer, the defendant shall be deemed to have waived any objection, *save for* the objection to the jurisdiction of the court, and *the objection that the complaint does not state facts sufficient to constitute a cause of action. * * *"* (Emphasis added.)

In *Johnson v. School District No. 12,* 210 Or 585, 312 P2d 591 (1957), the Supreme Court interpreted ORS 16.330 as permitting a party to challenge the sufficiency of a complaint on appeal without having raised the issue in the trial court. *See* 210 Or at 589. We later stated in *Isler v. Shuck*, 38 Or App 233, 589 P2d 1180 (1979):

"We are asked to determine the sufficiency of the complaint on an attack made after judgment, and we would afford the complaint a liberal construction to uphold it if possible. But there are no allegations in the pleading which could fairly be read to relate to conditions precedent, and the omission of a material and necessary allegation might be fatal, even after judgment. *See, e.g., Johnson v. School District No. 12,* 210 Or 585, 589, 312 P2d 591 (1957). Where, as

---

[1] ORS 16.330, which was in effect when this case was tried, was repealed by Oregon Laws 1979, Ch 284, § 199. Whether the substance of former ORS 16.330 is retained in the Rules of Civil Procedure adopted through Oregon Laws 1979, ch 284, need not be decided here. *But see* Rule 21G(3).

here, the missing allegation would be formal and would not be inconsistent with the complaint as it stands, and where it could be supplied by a simple amendment, we cannot reverse if on the whole record we 'determine that the omission did not result in surprise or prejudice, or prevent a full trial of the real issues between the parties, and that the evidence disclosed the existence of a cause of action * * *.' *Fulton Ins. v. White Motor Corp.,* 261 Or 206, 219, 493 P2d 138 (1972). * * *" 38 Or App at 237.

Here, the missing allegation cannot be viewed as formal, or consistent with the complaint as it stands, or consistent with a "full trial of the real issues between the parties." Because of the missing allegation, the real parties were not in court.

Because we conclude that the complaint did not state a cause of action, we do not reach the other issues raised by the parties. The judgment is reversed and the case is remanded with instructions to enter an order dismissing the complaint.

Reversed and remanded with instructions.