**Daniel KIMBALL and Jackie Kimball, Individually and on behalf of all persons similarly situated, Plaintiffs,**

v.

**NATIONAL BANK OF NORTH AMERICA, N.A., Defendant.**

No. 78 C 2548.

United States District Court,
E. D. New York.

March 27, 1979.

Ruskin, Schlissel, Moscou & Evans, P.C., Mineola, N.Y., for plaintiffs.

Cole & Deitz, New York City, for defendant.

## MEMORANDUM AND ORDER

GEORGE C. PRATT, District Judge:

Plaintiffs commenced this action alleging that defendant, a national bank chartered pursuant to the provisions of the National Bank Act, 12 U.S.C. §§ 21, *et seq.*, violated applicable usury laws by charging interest at a rate in excess of the maximum rate of interest allowable for home mortgage loan transactions. Both parties now move for summary judgment on a joint statement of undisputed facts.

On October 24, 1978, plaintiffs borrowed $33,600 from defendant, which sum they promised to repay with interest at the rate of 9.5 percent per annum. Plaintiffs secured their loan by a first mortgage on their residence, and subsequently made all payments required under their obligation, including the payment of interest at 9.5 percent per annum. On the date of the loan, the maximum rate of interest allowed by the laws of New York State for transactions of this type was 8.5 percent per annum. N.Y. Banking Law § 14–a(2). Plaintiffs contend that this was the maximum rate of interest that the defendant bank could charge on a home mortgage loan.

The rates of interest which defendant, a national banking association, may charge to borrowers are governed by 12 U.S.C. § 85, which provides in pertinent part:

Any association may take, receive, reserve, and charge on any loan or discount made, or upon any notes, bills of exchange, or other evidences of debt, interest at the rate allowed by the laws of the State, Territory, or District where the bank is located, or at a rate of 1 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, or in the case of business or agricultural loans in the amount of $25,000 or more, at a rate of 5 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located, whichever may be greater, and no more, *except that where by the laws of any State a different rate is limited for banks organized under State laws, the rate so limited shall be allowed for associations organized or existing in any such State under* this chapter * * *. (emphasis supplied)

Plaintiffs seek to construe the exception to this provision underscored above to restrict the interest rate that defendant could charge to the rate allowed by New York law, or 8.5 percent per annum. However, the Supreme Court held in *Tiffany v. National Bank of Missouri*, 18 Wall. 409, 85 U.S. 409, 21 L.Ed. 862 (1874), that national banks are not restricted to the rate allowed by state law. In *Tiffany* the court stated that the underscored exception affects the words "no more" so as to provide that if state statutes should allow to state banks a rate of interest greater than the ordinary rate allowed to natural persons, national banking associations are likewise allowed to charge the higher rate. This "most favored lender doctrine" was intended to place national banks in a position to compete with all other banks in the country. *Tiffany v. National Bank of Missouri, supra; Brown v. First National City Bank*, 503 F.2d 114 (CA2 1974).

Plaintiffs urge that the Supreme Court's construction of § 85 in *Tiffany* does not reflect the present congressional intent. In

1974, Congress amended § 85 of the National Bank Act and added "or in the case of business or agricultural loans in the amount of \$25,000 or more, at a rate of 5 per centum in excess of the discount rate on ninety-day commercial paper in effect at the Federal reserve bank in the Federal reserve district where the bank is located." Plaintiffs contend that both this amendment and the Senate Report (No. 93–1120, U.S.Code Cong. & Admin.News 1974, p. 6249), demonstrate a present Congressional intent to provide national banks with competitive equality with state banks, and no more. The contention is without merit. The 1974 amendment deals exclusively with business or agricultural loans; it does not relate to the instant home mortgage loan transaction. Nor does the amendment alter the Supreme Court's construction of § 85 in *Tiffany.* Had Congress intended to overrule *Tiffany* and restrict the amount of interest a national bank could charge to the amount permissible under state law, it could have so stated. In the absence of any language indicating such intent, either express or implied, this court is unable to construe § 85 in the manner plaintiffs urge. Moreover, the established principle that "[t]o the extent the enumerated federal rates of interest are greater than permissible state rates, state usury laws must of course give way to the federal statute," has recently been reaffirmed by the Supreme Court in *Marquette National Bank v. First of Omaha Service Corp.,* —— U.S. ——, 99 S.Ct. 540, 550 n.31, 58 L.Ed.2d 534 (1978).

National banks, therefore, have a choice of charging interest at (1) the highest rate allowed by state law to lenders generally, but if any state institutions are permitted still a higher rate, they can charge that rate; or (2) at one percent above the discount rate on ninety day commercial paper in effect at the district Federal reserve bank. On October 24, 1978, the discount rate established by the Federal reserve bank of New York for all member banks in the Second Federal Reserve District was 8.5 percent. Accordingly, defendant was permitted to charge at one percent higher, or 9.5 percent, on the date it made the loan to plaintiffs. By so doing, it did not charge interest at a rate in excess of the maximum amount allowed for a home mortgage loan transaction.

Plaintiffs raise an additional argument that the present loan transaction is governed by New York's 8.5 percent maximum interest rate because the mortgage note expressly provided that it be "executed in and shall be governed and construed by the laws of the State of New York." Plaintiffs recite the principle that the parties to a contract are free to select the law which governs their agreement so long as it bears a reasonable relation to the transaction. This principle and the cases cited by plaintiffs involve the choice of law between two states, and are therefore not dispositive. See, *e. g., Tele-Controls, Inc. v. Ford Industries, Inc.,* 388 F.2d 48 (CA7 1967); *Bache & Co., Inc. v. International Controls Corp.,* 339 F.Supp. 341 (SDNY) aff'd 469 F.2d 696 (CA2 1972); *Reines Distributors, Inc. v. Admiral Corp.,* 256 F.Supp. 581 (SDNY 1966). Here, the suggested choice of law is between state and federal statutes, and there is only one statute controlling; namely, the National Bank Act, 12 U.S.C. § 85. Therefore, the "state usury laws must of course give way to the federal statute." *Marquette National Bank v. First of Omaha Service Corp., supra.*

Accordingly, defendant's motion for summary judgment is granted, and the complaint is dismissed; plaintiffs' cross-motion for summary judgment is denied.

SO ORDERED.