**C–B KENWORTH, INC. a/k/a GMC Trucks of Portland, Plaintiff,**

v.

**GENERAL MOTORS CORPORATION and AB Volvo, and Volvo GM Heavy Truck Corp., Defendants.**

Civ. No. 87–0250–P.

United States District Court,
D. Maine.

Dec. 31, 1987.

George S. Isaacson, Martin I. Eisenstein, Lewiston, Me., for plaintiff.

Wendell G. Large, Richardson & Troubh, Portland, Me., Daniel L. Goldberg, William N. Berkowitz, Andrea H. Maislen, Bingham, Dana & Gould, Boston, Mass., for General Motors.

John J. O'Leary Jr., Pierce, Atwood, Scribner, Allen, Smith & Lancaster, Portland, Me., for AB Volvo and Volvo GM.

MEMORANDUM OF DECISION AND ORDER DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

GENE CARTER, District Judge.

Plaintiff seeks a preliminary injunction to stop the cancellation of "its heavy duty truck franchise" by General Motors Corporation (hereafter "GMC") and Volvo GM Heavy Truck Corporation (hereafter "Volvo GM"). The cancellation is scheduled to take place on December 31, 1987. For the reasons set forth below, Plaintiff's motion is denied.

I. *Preliminary Injunction Standard*

The burden that Plaintiff must meet in order to gain a preliminary injunction is well established.

In the First Circuit, a plaintiff must satisfy four criteria in order to be entitled to a preliminary injunction. The court must find: (1) that plaintiff will suffer irreparable injury if the injunction is not granted; (2) that such injury outweighs any harm which granting injunctive relief would inflict on the defendant; (3) that plaintiff has exhibited a likelihood of success on the merits; and (4) that the pub-

lic interest will not be adversely affected by the granting of the injunction. *Planned Parenthood League of Massachusetts v. Bellotti*, 641 F.2d 1006, 1009 (1st Cir.1981) (quoting *Women's Community Health Ctr., Inc. v. Cohen*, 477 F.Supp. 542, 544 (D.Me.1979)). While it appears that Plaintiff has not shown a likelihood of success on the merits,[1] the Court does not reach this issue because Plaintiff has not satisfied the first two criteria.

## II. *Irreparable Injury to Plaintiff*

Plaintiff claims that it will suffer irreparable injury if injunctive relief is not granted. Among the alleged injuries, Plaintiff asserts it will lose heavy duty truck sales; medium duty truck sales, since purchasers of heavy duty trucks and medium duty trucks tend to purchase from the same dealer; and warranty work, parts sales, and other service work opportunities. Plaintiff further asserts that its inability to obtain genuine GMC parts for heavy duty trucks will adversely affect its name and reputation as a quality service operation. Finally, Plaintiff contends that it will suffer a loss of good will and damage to its reputation, because the loss of the right to sell GMC heavy duty trucks "creates the impression in the eyes of the truck buying public that C–B Kenworth's performance and service of heavy duty trucks as a GMC dealer was inadequate and deficient." Memorandum in Support of Motion for Preliminary Injunction at 89.

Plaintiff's alleged injuries do not entitle it to a preliminary injunction, since a preliminary injunction is available only when there is no adequate remedy at law. *Auburn News Co., Inc. v. Providence Journal Co.*, 659 F.2d 273, 277 (1st Cir.1981) *cert. denied*, 455 U.S. 921, 102 S.Ct. 1277, 71 L.Ed.2d 461 (1982). In the case at bar, all of the alleged injuries are compensable at law. Plaintiff's claims for the lost profits from the sales of trucks is compensable at law. *P.J. Grady, Inc. v. General Motors Corp.*, 472 F.Supp. 35, 37 (E.D.N.Y. 1979). The alleged injuries to Plaintiff's reputation and good will are also compensable in money damages. *Litho Prestige v. News America Publishing, Inc.*, 652 F.Supp. 804, 808 (S.D.N.Y.1986); *Lafayette Beverage Distributors, Inc. v. Anheuser–Busch, Inc.*, 545 F.Supp. 1137, 1151 (N.D. Ind.1982). *See also* Restatement (Second) of Contracts § 360. Another indication that the alleged injuries are monetarily quantifiable is Plaintiff's own Complaint, which values the damages at $1,800,000. *See Tele–Controls, Inc. v. Ford Industries, Inc.*, 388 F.2d 48, 50 (7th Cir.1967) (equitable relief is not required where "[b]oth the complaint and the deposition of [plaintiff's] president refer to specific lost dollar amounts, and the amount recoverable as lost profits can be measured on the basis of past performance and present predictions.").

Finally, Plaintiff does not contend that the loss of the right to sell GMC heavy duty trucks threatens its ability to continue in business. Besides GMC heavy duty trucks, Plaintiff is a dealer for GMC medium duty trucks, Kenworth trucks, Caterpillar, Cummins, and Detroit Diesel Allison Engines. It is also a dealer for Dorsey, Evans, and Benson Trailers, as well as Thermo King Refrigeration Units. GMC heavy duty trucks have comprised a small part of Plaintiff's total business. In each of fiscal years 1986 and 1987, Plaintiff's gross profits from the sale of GMC heavy duty trucks accounted for less that five percent of its total gross profits.[2] Plaintiff

---

1. The Court notes that Plaintiff requested and received a continuance in order to respond to Defendants' motions for dismissal or for summary judgment. *See* Memorandum of Decision and Order Granting Plaintiff's Motion to Continue, dated December 22, 1987. Plaintiff argued then that it needed to conduct more comprehensive discovery before it could submit an informed response to Defendants' motions. Now, for the purposes of obtaining a preliminary injunction, Plaintiff contends that, based on the facts currently before the Court, there is a reasonable likelihood that Plaintiff will prevail. Thus, Plaintiff finds itself in the unenviable position of claiming that it needs more time to ascertain facts to defeat a motion to dismiss or for summary judgment, while simultaneously asserting that the Court should find that there is a reasonable likelihood that Plaintiff will prevail on the merits.

2. GMC had previously manufactured three models of heavy duty trucks. At present, GMC man-

has not taken any order for a GMC heavy duty truck since June 1987.[3] Plaintiff has remained profitable despite the drop in sales of GMC heavy duty trucks.[4]

In conclusion, Plaintiff has not carried its burden of showing that it will suffer irreparable injury if a preliminary injunction is not issued.

### III. *Harm to Defendants*

A court must be concerned not only with possible injury to a plaintiff but also with possible injury to the defendants, since the court is "obliged to choose the course likely to cause the least injury." *International Association of Machinists and Aerospace Workers v. Northeast Airlines, Inc.,* 473 F.2d 549, 553 (1st Cir.) *cert. denied,* 409 U.S. 845, 93 S.Ct. 48, 34 L.Ed.2d 85 (1972). Here, Plaintiff asks the Court to order GMC to supply it with trucks and parts which will no longer be available to any other truck dealer in the nation. GMC notified Plaintiff in the fall of 1986 of its intention to discontinue its heavy duty trucks models and enter into a joint venture with AB Volvo. Since then, GMC has begun to remove itself from the heavy duty trucks business, after suffering substantial losses despite active promotion and sales through hundreds of dealers nationwide. An order requiring GMC to continue to supply heavy duty trucks for a single dealer would cause GMC to incur even greater losses and violate its agreement with the Joint Venture. Such a result is far more drastic than the effect of denying Plaintiff's motion. Thus, it appears that Plaintiff's injuries do not outweigh the harm which granting injunctive relief would inflict upon Defendants.

Accordingly, Plaintiff's motion for a preliminary injunction is hereby DENIED.

So ORDERED.

---

ufactures only the Brigadier model. Sales of Brigadiers for the past two fiscal years comprise less than two percent of Plaintiff's gross profits.

**3.** In his Supplemental Affidavit filed December 29, 1987, Arthur Hicks states that he received a letter from a local customer seeking a bid for the sale of twenty GMC Brigadier trucks. However, Plaintiff makes no claim that its inability to submit a bid for the sale of the trucks will endanger the financial health of the company.

**4.** *Semmes Motors, Inc. v. Ford Motor Co.,* 429 F.2d 1197 (2d Cir.1970), relied upon by Plaintiff, is distinguishable. In *Semmes,* plaintiff had been in business for twenty years and defendant intended to terminate the entire franchise. *Id.*

at 1205. As the circuit court noted, "[t]he *Semmes* want to sell automobiles, not live on the income from a damages award." *Id.* In the case at bar, there is no threat that Plaintiff will be put out of business, since it continues to be a GMC medium duty truck dealer, and GMC heavy duty trucks is a minor part of its business. *See P.J. Grady,* 472 F.Supp. at 37 (automobile manufacturer would not be preliminarily enjoined from terminating dealership operated by plaintiff where the termination would not put plaintiff out of business and loss of income claim was readily compensable in monetary damages).