Michael **CLEMENTE**, Plaintiff,

v.

**PEARLE VISION, INC.**, Defendant.

Civ. No. 91–0155–P.

United States District Court,
D. Maine.

May 10, 1991.

Michael J. LaTorre, Platz & Tompson, Lewiston, Me., for plaintiff.

Mary Mitchell Fiedman, Petruccelli, Cox & Martin, Portland, Me., for defendant.

---

## MEMORANDUM OF DECISION AND ORDER

GENE CARTER, Chief Judge.

Plaintiff in this diversity action moves for a temporary restraining order. For the reasons that follow, the motion is denied.

### Background

The facts alleged in Plaintiff's complaint are relatively straightforward. Defendant is a Texas corporation involved in the operation of a chain of retail optical stores. In 1984 Plaintiff and Defendant entered into a franchise agreement. Pursuant to the agreement Plaintiff subleased from Defendant Pearle Vision Center store in Auburn, Maine and was granted a right to use Defendant's trademarks. The agreement provided Defendant with a series of remedies in the event of a default by Plaintiff, including the right to take immediate possession of the store.

In March 1991, Defendant served notice on Plaintiff that he was in default of the franchise agreement for, *inter alia,* failing to report to Defendant all gross sale revenues from the store's operation. Plaintiff and his counsel unsuccessfully sought documentation of the alleged defaults, and in April 1991 Plaintiff informed Defendant that he did not intend to voluntarily surrender the premises without legal process. Shortly thereafter Defendant served on Plaintiff a demand that he immediately surrender the premises. Plaintiff refused, and on April 24, 1991 Defendant seized the property and barred Plaintiff from the premises.

Plaintiff's five-count complaint alleges that Defendant violated a covenant of good faith and fair dealing alleged to exist between the parties (Count I), that the franchise agreement is unconscionable and void as against public policy (Count II), that Defendant breached the contract between the parties (Count III), that a non-competition covenant in the franchise agreement is unreasonable in its scope and duration and is thus void (Count IV), and that Defendant unlawfully evicted him from the optical store (Count V). Plaintiff seeks damages for lost profits and the value of the franchise, as well as an injunction requiring Defendant to vacate the store and restoring Plaintiff to his rights under the contract and a reformation of the agreement to cure its alleged illegalities.

### Discussion

Plaintiffs must satisfy four criteria to succeed on their application for a temporary restraining order:

(1) that Plaintiffs will suffer irreparable injury if the temporary restraining order is not granted;

(2) that such irreparable injury outweighs any harm which granting the temporary restraining order would impose on Defendants;

(3) that Plaintiffs have exhibited in its filings a likelihood of success on the merits of its claims; and

(4) that the public interest will not be adversely affected by the issuance of a temporary restraining order.

*Planned Parenthood League v. Bellotti,* 641 F.2d 1006, 1009 (1st Cir.1981); *see also Augusta News Co. v. News America Publishing, Inc.,* 750 F.Supp. 28 (D.Me.1990). Preliminary injunctive relief is available only in cases where the need for extraordinary equitable relief is clear and plain. *Augusta News,* 750 F.Supp. at 31.

The Court finds that Plaintiff has failed to carry his burden of showing irreparable injury should the temporary restraining order not be granted, and thus the Court denies the motion. Plaintiff contends that "Plaintiff has devoted numerous years of his labor, industry and skills to the development of this business which has been wrongfully seized from him. If this case follows the normal docket procedure, Plaintiff stands to lose those efforts, all of which are extremely difficult to value." Memorandum of Law in Support of Plaintiff's Motion for a Restraining Order, at 4. Plaintiff's allegations of economic harm are insufficient to establish irreparable harm for the purposes of a temporary restraining order, since a preliminary injunction is available only when there is no adequate remedy at law. *C–B Kenworth, Inc. v.*

*General Motors Corp.*, 675 F.Supp. 686 (D.Me.1987) (holding preliminary injunction unavailable where damage claims for lost profits and injuries to reputation and good will are compensable in money damages).[1]

Accordingly, Plaintiff's Motion for a Temporary Restraining Order or Preliminary Injunction is hereby DENIED.

So ORDERED.

---

1. Plaintiff has not established that the Auburn optical store will perish in the absence of preliminary injunctive relief, and thus he has not established that a potential "destruction of the business" constitutes irreparable harm. *See e.g. Augusta News*, 750 F.Supp. at 31–32; *C–B Kenworth*, 675 F.Supp. at 688 n. 4. On the record made on this motion, it appears that the store is currently being operated by Defendant in ac-
cordance with the default provisions of the franchise agreement. If Plaintiff ultimately prevails on his claim that Defendant wrongfully terminated the franchise, he may be entitled to reinstatement of the franchise agreement. In that instance, however, damages for the temporary deprivation of Plaintiff's rights under the franchise agreement are compensable at law.