Argued and submitted December 16, 1988, affirmed August 30, reconsideration denied October 13, petition for review denied November 16, 1989 (308 Or 500)

# L. Q. DEVELOPMENT, OREG.,
*Respondent,*

*v.*

# MALLORY,
*Appellant.*

## (87-129 CV; CA A47642)

778 P2d 972

Blair M. Henderson, Klamath Falls, argued the cause for appellant. With him on the briefs was Henderson, Molatore & Klein, Klamath Falls.

Reginald R. Davis, Klamath Falls, argued the cause for respondent. With him on the brief was Brandsness, Brandsness & Davis, P.C., Klamath Falls.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

### NEWMAN, J.

Defendant appeals a judgment that ordered him to pay restitution of $248,814.60 to plaintiff. He assigns as errors that the court ordered him to pay restitution and did not dismiss plaintiff's claim for failure to join indispensable parties. We affirm.

On April 24, 1979, Christine Mallory (seller) entered into a contract with LeRoy and Helen Seuss (purchasers) to sell them approximately 50 acres for $250,000. The contract provided that purchasers would pay $50,000 down, interest only for three years, and then $30,482 of principal and interest annually until the contract was fully paid. It also provided:

> "It is agreed and understood between the parties that upon the execution of this agreement and after the receipt of the earnest money and down payment totaling $50,000.00, as herein referred to, the Seller shall deliver to purchasers a good and sufficient warranty deed conveying five (5) acres of the within described property to Purchasers free and clear of all encumbrances except as herein set out."

It further provided:

> "That the parties hereto agree to enter into an Addendum to this Contract to provide for Parcel Deeds containing five (5) acres each to be deeded to Purchasers for the consideration of $25,000.00. That since an accurate survey and platting has not been made of the property, an orderly parcel deeding arrangement will be agreed to after that survey and platting by the parties describing the parcel deeding process."

Purchasers paid the down payment of $50,000 and took possession. Seller, however, did not deliver five acres to purchasers on closing. The parties never executed the addendum to provide for parcel deeds. They did not complete a survey or plat of the property or agree to any "orderly parcel deeding arrangement."

From time to time, purchasers made payments on the contract. In 1981, they assigned their interest to plaintiff, who continued to make payments to seller and, after her death in 1984, to her estate. When plaintiff filed this action in 1987, purchasers and plaintiff had made payments totaling $248,814.60: $110,221 on principal, $113,073 as interest and $21,560.61 in real property taxes. The unpaid principal balance was approximately $140,000.

Defendant is seller's son. He was personal representative of her estate. On December 11, 1986, as personal representative, and as part of a distribution of the estate, he assigned to himself as an individual

"all of the Assignor's rights, title and interest in and to that certain land sale contract between * * * seller, and [purchasers] * * * dated April 24, 1979 * * *."

The assignment also provided:

"This assignment shall apply to all rights and benefits now accrued or hereafter accruing to the seller under the above-referenced land sale contract, including but not limited to the following: (i) the rights to receive all payments with respect to the land sale contract, and (ii) the right and authority to give any receipts, acquittals or releases to which the buyers under the land sale contract may become entitled.

"* * * * *

"This assignment is being made as a distribution from the estate of Christine W. Mallory, deceased, and the true consideration for this conveyance is $0.00.

"* * * * *

"The Assignee hereby assumes and agrees to be bound by the terms and conditions of the above-referenced land sale contract, and further agrees to defend, indemnify and hold harmless the Assignor from any breach of that land sale contract by the Assignee."

On December 22, 1986, the estate was closed.[1]

Plaintiff commenced this action to rescind the contract and asked for restitution of the sums that he and purchasers had paid on the contract. Defendant counterclaimed to foreclose the real estate contract, alleging that plaintiff was in default. Evidently because seller and purchasers had never agreed or executed the addendum or identified the five-acre parcel that seller was to convey to purchasers at closing, the court found that "no contract existed between the parties," held that the contract was "null and void" and that plaintiff

---

[1] In 1985, defendant loaned $20,000 to plaintiff so that it could make payments on the contract and took two promissory notes in exchange. Plaintiff and defendant then agreed that defendant would release a five acre tract to plaintiff on his payment of the 1985-1986 real property taxes and the two $10,000 notes. Plaintiff paid the property taxes and paid off the promissory notes after their due dates, but defendant did not release any of the real property.

was entitled to restitution of all of the sums it and purchasers had paid to seller and her successors. It gave judgment accordingly.[2]

On appeal, none of the parties disputes the trial court's conclusion that the contract was "null and void." They also agree that plaintiff and purchasers made all the payments of principal and interest to seller or to her estate and had made no payments to defendant. Defendant argues that, therefore, he has no restitution duty to plaintiff. He further asserts that, because the court found that the contract was null and void, the assignment of the vendor's interest to him did not create any duty on him to make restitution. He also asserts that plaintiff's complaint fails to state facts sufficient to constitute a claim, because plaintiff did not join indispensable parties.[3] *See* ORCP 21G(3); ORCP 29A.

The court did not err when it ordered defendant to make restitution. Even though the parties may not have made an enforceable contract, if one of them has been unjustly enriched at the other's expense, the former has a "quasi-contractual" duty to make restitution. In *Ying v. Lee,* 65 Or App 246, 252, 671 P2d 114 (1983), we quoted with approval from *5 Corbin on Contracts,* § 1104 (1964):

> *"There are many cases in which a plaintiff is entitled to restitution even though no contract whatever has been made,* or even though the defendant has been discharged from duty under an existing contract and has been guilty of no breach whatever. The field 'quasi-contractual' and 'obligations' has been steadily enlarged, as where benefits were received by mistake, or under a voidable contract that has been lawfully avoided, or under a contract the legal duties of which have been terminated by supervening impossibility. *In these cases, the defendant has committed no 'breach'; and the plaintiff has no remedy in 'damages,' being restricted to restitution in order to prevent unjust enrichment."* (Emphasis supplied.)

Here, purchasers and plaintiff made payments under a document that they and seller and her successors believed was a binding contract. Because none of the parties had agreed

---

[2] The judgment also dismissed, with prejudice, defendant's affirmative defenses, counterclaims and an affirmative claim for foreclosure. He makes no assignment of error regarding these rulings.

[3] He can raise this issue for the first time on appeal.

on essential terms, however, the court declared the contract "null and void." *Restatement of Restitution* § 15 provides:

> "A person is entitled to recover money which he has paid another pursuant to the terms of a supposed contract with or offer from the other which, because of the payor's mistake of fact as to the existence of consent, of consideration or of a required formality, he erroneously believed to exist, if he does not get the expected exchange."

For the first $50,000 payment made at closing, purchasers could reasonably have expected that seller would convey five acres. For additional principal payments of $25,000, purchasers could reasonably expect that seller would convey additional five-acre parcels. In all, purchasers reasonably expected to receive at least five and as many as 20 acres in exchange for their payments. Although purchasers and plaintiff paid $110,000 in principal, plus interest, to seller and her estate on the contract price, they did not receive any of the expected exchange.

When the court ruled that the contract was "null and void," purchasers had no way to avoid an unjust loss. They could not obtain the real property or any part of it by an action for specific performance or for damages for breach. Likewise, they could not redeem from an action by seller for specific performance or foreclosure, obtain the real property or any part of it and avoid loss, because seller could not enforce the contract. Moreover, the estate of seller, which had received substantial partial payments for the real property, still retained all of it and could not, through an action for foreclosure or specific performance, avoid unjust enrichment. Having declared the contract "null and void," however, the court could consider doing equity through the quasi-contractual remedy of restitution.

■ If *seller* were able to make restitution, the amount that she ought to restore to plaintiff is the amount that she received. *Restatement of Restitution* § 150 states:

> "In an action of restitution in which the benefit received was money, the measure of recovery for this benefit is the amount of money received."

The court could decide that it would not try to write the release provisions for the parties and order defendant to con-

vey acreage to plaintiff. Accordingly, it was entitled to order restitution of the sums that purchasers and plaintiff had paid.

■ The critical issue appears to be whether *defendant* has the same duty to make restitution of the money that purchasers and plaintiff paid to seller and her estate that seller would have had if she still held the contract. We hold that defendant has that duty. He holds the vendor's interest in the real property that purchasers expected seller to release to purchasers in exchange for their payments. Defendant is unjustly enriched, at least to the extent that he holds property that purchasers or plaintiff should have received. He has throughout had actual knowledge of the agreement and payments made to seller and her estate. He was involved in the negotiation and closing of the contract on seller's behalf. He knew what payments purchasers had made to seller from 1979 until her death in 1984, and, as administrator of seller's estate, he knew of the relationships between seller's estate and plaintiff. He had notice of plaintiff's potential restitution claim against seller when, as personal representative, he assigned to himself, as an individual, the vendor's interest in the contract.

■ He also intended to step into seller's shoes with respect to the contract. As personal representative, he assigned to himself, as an individual, all of seller's rights and assumed all of her duties under the contract, including the rights and duties with respect to the acreage that should have been released to plaintiff. He asserted a right to the balance of the payments for the real estate and, after plaintiff filed the action, he counterclaimed for foreclosure. *See Kunzman v. Thorsen,* 303 Or 600, 610, 740 P2d 754 (1987);[4] *Restatement (Second) Contracts* §§ 328, 336. Under these circumstances, defendant also assumed the quasi-contractual duty of seller to make restitution to plaintiff. Defendant must reimburse plaintiff $248,814.60, the money that purchasers and plaintiff paid to seller as consideration for the real estate that they expected to receive under the void contract.

---

[4] In *Kunzman,* the court stated:

"An assignee 'claims the benefits' of a land sale contract when he or she exercises the rights in the contract's subject matter conferred upon the vendee by the contract. Where a party accepts a broadly worded assignment of a land sale contract, 'steps into the shoes' of the assignor and asserts the interests the contract conveys, the presumption arises that the assignee intended also to assume the duties the contract imposes." 303 Or at 610.

■ Defendant also asserts that the court erred when it did not dismiss plaintiff's complaint for failure to state a claim on the ground that plaintiff did not join indispensable parties, that is, seller, her estate or her personal representative. *See Telford v. Clackamas County,* 44 Or App 399, 403, 605 P2d 1365 (1980). ORCP 29A states in part:

> "A person who is subject to service of process shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties * * *."

Plaintiff's complaint states a claim, because we can give complete relief among those who are parties. Defendant's assignment of error is without merit.

Affirmed.